[Civ. No. 6253. Fourth Dist. Dec. 18, 1959.]

CLELL C. McFARLAND et al., Appellants, v. NEW ZEA-
 LAND INSURANCE COMPANY LIMITED, Re-
 spondent.

Fraser, Hewett & Rickles and Robert E. Rickles for Ap-
pellants.

Moss, Lyon & Dunn, Gerold C. Dunn and Henry F.
Walker for Respondent.

MONROE, J. pro tem.*—This action was brought by the plaintiffs to collect a judgment theretofore rendered against one Robert E. Lewis from the defendant insurance company. This appeal is taken from a judgment rendered in favor of defendant company.

The facts involved are that in November, 1955 the defendant insurance company issued its policy of automobile liability insurance covering an automobile owned by Robert E. Lewis. The policy limits were $5,000 for injury to any one person, $10,000 for injuries to more than one person, and $5,000 property damage. It appears that Lewis was in the military service and that an order had been issued that personnel could not operate automobiles upon the military base unless their operation was covered by indemnity insurance. Defendant company, for a nominal premium, issued the policy in question, which contained the following restrictive endorsement:

1. The insurance applies only to accidents which occur while the automobile is within boundaries of any military post, camp, cantonment or reservation.

2. The insurance shall not be construed to comply with the motor vehicle financial responsibility law of any state or province.

The case was tried upon an agreed statement of facts. It was stipulated that the plaintiffs received injuries as a result of the operation of the insured automobile upon a public highway in California and not within any military camp or reservation. An action was brought against Lewis for damages and upon his default a judgment was rendered in the exact amount of the face of the policy. The defendant insurance company denied liability and this action followed.

Section 415 of the Vehicle Code is a part of the Financial Responsibility Law of California which provides in substance that under certain circumstances the owner of an automobile must procure insurance and post the same. Section 415 provides that such policy shall meet certain requirements. One of the provisions is that:

"Such policy shall insure every said person on account of the maintenance, use or occupation of every motor vehicle therein covered within the continental limits of the United States against loss from the liability imposed by law arising

---

*Assigned by Chairman of Judicial Council.

from such maintenance, use or operation to the extent and aggregate amount. . . ."

The laws of California do not require that the operator of an automobile carry such insurance unless he comes within the provision of the Financial Responsibility Law as the result of liability for damage by reason of the operation of his automobile.

 It is well established that an insurance contract may be limited with respect to the coverage or liability by an endorsement. (*Continental Casualty Co.* v. *Phoenix Construction Co.*, 46 Cal.2d 423 [296 P.2d 801, 57 A.L.R.2d 914].) The language of such endorsement prevails over general language contained in the body of the policy if the language of the endorsement is free from ambiguity. (*Fageol Truck & Coach Co.* v. *Pacific Indemnity Co.*, 18 Cal.2d 731 [117 P.2d 661].)

 It is apparent that the language of the endorsement heretofore quoted is free from ambiguity. By that endorsement, the policy by its express terms is applicable only to liability arising from operation within the limits of a military post or reservation.

The plaintiff relies upon *Wildman* v. *Government Employees Insurance Co.*, 48 Cal.2d 31 [307 P.2d 359] and *Bonfils* v. *Pacific Automobile Insurance Co.*, 165 Cal.App.2d 152 [331 P.2d 766]. In the Wildman case it was held by the Supreme Court that the policy in question was ambiguous. It was further held that section 402 of the Vehicle Code which provides for the liability of persons operating a motor vehicle with the consent of the owner, together with the provisions of section 415 of the Vehicle Code, established a public policy of the state and that by reason thereof it was held that the policy and a restrictive endorsement thereon should be construed as not limiting liability arising from the operation of a person not the owner of the vehicle but operated with consent of the owner. In the Bonfils case, the ruling is carried a step further and it is there held to be the public policy of the state that automobile liability insurance should not be so restricted as to limit the liability of the insurer by excluding responsibility for the acts of an operator when driving with consent of the owner. It was therefore held that a limitation contained in an endorsement seeking to limit responsibility in that regard was invalid.

A somewhat different situation is here involved however. This policy, by its express terms as set forth in the endorse-

ment, does not purport to cover the automobile when operated upon the public highways of the State of California. It is expressly confined to the operation within the limits of a military reservation. There is no law compelling insurance coverage for the operation of a motor vehicle by one who has not come within the express provisions of the Financial Responsibility Law. There is no contention herein that the insured came within the purview of the Financial Responsibility Law at the time the policy herein subject of dispute was issued.

Obviously the California Legislature is not in a position to determine the conditions under which vehicles may be operated within the confines of a United States military reservation. Whether the California Legislature, by reason of its control over an insurance company doing business within the State of California, would have authority or jurisdiction to prohibit the issuance of a policy of insurance which was confined to the operation of vehicles within a military camp would involve an interesting question. The answer to that question, however, is not necessary to the determination of this case. The fact is that there is nothing in the statute indicating that the Legislature of California has attempted to prohibit the issuance of such a policy. Obviously such policy, so limited, is valid in the absence of a statutory prohibition. It follows, therefore, that in the state of the law as it existed at the time of the issuance of the policy in question the limitation contained in the endorsement was valid and binding and plaintiffs could not maintain this action.

Judgment affirmed.

Griffin, P. J., and Shepard, J., concurred.

A petition for a rehearing was denied January 12, 1960, and appellants' petition for a hearing by the Supreme Court was denied February 10, 1960.