J. Robert Lynch, J.
During the Spring of 1958 the plaintiff’s 15-year-old son built a contraption which may be classified genetically as a gocart. He attached front and rear axles, with rubber cart wheels, to a board. He then took a 1%-horsepower engine from a lawn mower, mounted it on the board and geared it to the rear wheels. Originally there was a steering wheel, but this was removed and the gocart was steered by pressure of the operator’s feet against the front axle. The gocart did not have a registration or plates; the boy did not have a license to drive.
At this time, the boy’s father, the plaintiff, was insured by the defendant Newark Insurance Company under a standard homeowners’ policy. Under it, Newark was bound “ To pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury * * *
sustained by any person ”, and to “ defend any suit against the Insured alleging such injury ”.
On June 5,1958, the plaintiff became insured with the defendant Merchants Mutual Insurance Company under an automobile liability policy. This policy obligated Merchants Mutual as fol *998 lows: £ £ To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of * *■ * bodily injury * * * sustained by any person * * * arising out of the ownership, maintenance or use of the owned automobile or any non-owned automobile, and the company shall defend any suit alleging such bodily injury The “ owned automobile ” declared in the plaintiff’s application for the policy was a certain 1956 Pontiac.
On October 6,1958, while the plaintiff’s son was operating the goeart on a public highway, a collision occurred between it and a bicycle being ridden by an infant boy named Varieur. Actions have now been brought by the Varieurs against the plaintiff, his wife and his son, seeking damages for bodily injury alleged to have been sustained by young Varieur in the collision.
The plaintiff here has asked each of the defendants to defend these actions. Both refused, disclaiming any obligation to defend under the terms of their policies. The plaintiff, with the other actions pending, sued here, seeking to have his rights and the defendants’ obligations under the policies judicially declared. He moves now for summary judgment. There are no substantial issues of fact and summary judgment is in order.
£ £ The distinction between liability and coverage must be kept in mind. So far as concerns the obligation of the insured to defend the question is not whether the injured party can maintain a cause of action against the insured but whether he can state facts which bring the injury within the coverage. If he states such facts the policy requires the insurer to defend irrespective of the insured’s ultimate liability.” (Grand Union Co. v. General Acc. Fire & Life Assur. Corp., 254 App. Div. 274, 280, affd. 279 N. Y. 638; see, also, Goldberg v. Lumber Mut. Cas. Ins. Co., 297 N Y. 148.)
The Varieur complaints against the plaintiff Stevenson, his wife and his son, allege that the injuries arose out of the operation by the son of the goeart. We must determine then whether This sounds an action within the framework of each of the policies, regardless of ultimate liability.
Within the coverage of the Merchants Mutual policy is the operation of such vehicles as are categorized by the policy as “ owned ” or ££ non-owned ”. The only owned vehicle covered by the policy is the 1956 Pontiac. The only ££ non-owned ” vehicles covered are those which the policy defines as owned by someone other than Stevenson, his wife or his son. Since the goeart must be held to have been owned either by Stevenson, his wife or his son, the allegations by Varieur do not lie within the policy’s coverage. Summary judgment declaring it to have *999 no obligation to defend the Varieur suits must be granted to the defendant Merchants Mutual.
The Newark policy covers “ comprehensive personal liability ”. It excludes liability arising from the ownership or operation of “ automobiles while away from the premises [of Stevenson] or the ways immediately adjoining ”, The policy defines an automobile as a land motor vehicle other than such “equipment which is designed for use principally off public roads ” if such equipment is not subject to motor vehicle registration.
Put another way, the Newark policy, for our purposes, excludes from its coverage all vehicles subject to motor vehicle registration. Otherwise, it includes motor vehicles designed for use principally off public roads.
The gocart is a motor vehicle (then § 2, now § 125, Vehicle and Traffic Law), subject to motor vehicle registration if operated on the public highway (then § 11, now § 401, Vehicle and Traffic Law). The Varieur complaints allege the happening of the accident on the public highway. The complaint therefore does not sound within the coverage of the policy. Summary judgment declaring it to have no obligation to defend the Varieur suits must be granted to the defendant Newark.