**INSURANCE COMPANY OF NORTH AMERICA, a corporation, Appellant,**

v.

**Robert T. GREENE et al., Appellees.**

**No. 21166.**

United States Court of Appeals Ninth Circuit.

Feb. 20, 1967.

Fred J. Graham, Malcolm A. King, Popelka, Graham, Hanifin, Van Loucks & Allard, San Jose, Cal., for appellant.

Yale W. Rohlff, Kane, Owen & Melbye, Redwood City, Cal., for appellees.

Before MERRILL, KOELSCH and BROWNING, Circuit Judges.

PER CURIAM.

While operating a gasoline motor driven "go-cart," appellee's son struck and injured a third person. Appellant denies coverage under its Homeowners' Policy because of a clause excluding operation of midget automobiles "while away from the premises or the ways immediately adjoining * * *."

The accident occurred at a point fifty feet north of the northern boundary of appellee's property on a private driveway which ran parallel to appellee's western boundary. The district court held that the accident nonetheless occurred on "ways immediately adjoining" appellee's premises. Appellant contends that this was error in view of the interpretation given the quoted phrase in United States v. Great American Indem. Co., 214 F.2d 17 (9th Cir. 1954).

But the present case is controlled by California law. The Supreme Court of California held in Pacific Employees Ins. Co. v. Maryland Cas. Co., 54 Cal.Rptr. 385, 419 P.2d 641 (1966), that the phrase "ways immediately adjoining" in a policy such as the present one contemplates coverage of use of an automobile on the public roads and highways which immediately adjoin the policyowner's private premises; that such a policy is therefore subject to the rule of Wildman v. Government Employees Ins. Co., 48 Cal.2d 31, 307 P.2d 359 (1957); and that under the Wildman rule any attempted territorial limitation in such a policy is superseded by the provisions of section 16451 of the California Vehicle Code, which requires that policies covering use of automobiles on public roads must ex-

tend coverage throughout "the continental limits of the United States."

It follows that appellant is liable under its policy, and the judgment below must be affirmed, whether or not the accident occurred on "ways immediately adjoining" appellee's premises.

Affirmed.