[Civ. No. 8276. Fourth Dist., Div. One. Mar. 10, 1967.]

GLORIA DILLEY, Plaintiff and Appellant, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant and Respondent.

Roy S. Giordano for Plaintiff and Appellant.

Banyard & Portigal and Robert S. Pike, Jr. for Defendant and Respondent.

BROWN (Gerald), P. J.—In this action to collect under the death benefit provisions of an automobile insurance policy, plaintiff, Gloria Dilley, widow of the deceased insured, Carl

T. Dilley, appeals from the judgment entered after the trial court granted defendant's motion for summary judgment.

Carl T. Dilley was electrocuted during the course of his employment while stringing wire from a bucket attached to an hydraulic boom on a truck. Dilley was accompanied by his foreman and fellow Southern California Edison employee, John Barnett, who drove the truck to the job site and parked it. Neither truck, boom, nor bucket was in motion at the moment of electrocution.

This is not a workmen's compensation case, but involves Dilley's automobile insurance policy declaring coverage on his 1959 Rambler. The death benefit provisions of the policy promised: "To pay the principal sum stated . . . in event of the death of each insured which shall result directly . . . from bodily injury caused by accident and sustained by the insured while occupying . . . an automobile. . . ." The policy excluded death benefit coverage where ". . . bodily injury [was] sustained in the course of his occupation by any person while engaged . . . in duties . . . as an assistant on, a public or livery conveyance or commercial automobile. . . ."

The trial court determined Dilley was an assistant on a commercial automobile and granted defendant's motion for summary judgment. Plaintiff contends whether Dilley was an assistant on a commercial automobile is a triable issue of fact; the existence of a triable issue of fact precludes summary judgment (Code Civ. Proc., § 437c). In the trial court, however, both plaintiff and defendant had moved for summary judgment.

At the oral proceedings on the motions for summary judgment, the following statements were made:

"MR. PIKE: (Defendant's Attorney) . . . The matter is so clear that there is nothing possible for a jury to determine and it should be disposed of at this time.

"MR. GIORDANO: (Plaintiff's Attorney) Yes, with that last statement of Counsel the plaintiff agrees. . . .

"THE COURT: What factual issues are you presenting?

"MR. GIORDANO: *We take the position that there are no factual issues. It is just a matter of interpretation of the policy, your Honor. We are agreed on all of the facts.* This is a motion that I wish to set forth on behalf of the plaintiff. *There is no dispute as to the facts.* The Court then is faced with the problem of whether to grant the motion of the plaintiff or the defendant.

"The basic question . . . should then place the Court in a position to *make a determination as a matter of law* whether or not there was or was not an exclusion of this particular individual.

"............................

"MR. PIKE: I believe, your Honor, and I agree with Mr. Giordano, that there is no question of fact here. It can be decided as a matter of law." (Italics ours.)

 Having vigorously invited the trial court to determine coverage as a matter of law, plaintiff cannot now urge the trial court erred in doing so. (*Pobor* v. *Western Pac. R.R. Co.*, 55 Cal.2d 314 [11 Cal.Rptr. 106, 359 P.2d 474]; *Bondulich* v. *O. E. Anderson Co.*, 210 Cal.App.2d 12 [26 Cal.Rptr. 147]; *Smith* v. *Royal Mfg. Co.*, 185 Cal.App.2d 315 [8 Cal. Rptr. 417]; *Cushman* v. *Cushman*, 178 Cal.App.2d 492 [3 Cal.Rptr. 24].)

 Dilley's policy covered basically his Rambler. The death benefit provisions, however, extended coverage to fatal injury caused by accident and sustained while occupying *an* automobile; coverage was excluded if death resulted from certain automobile related activities in which the risk of injury is high. This area of exclusion included:

"(a) . . . bodily injury sustained in the course of . . . occupation by any person while engaged (1) in duties incident to the operation, loading or unloading of, or as an assistant on, a public or livery conveyance or commercial automobile, or (2) in duties incident to the repair or servicing of automobiles; . . . ."

Both parties concede the truck is an automobile. Plaintiff contends the truck is not a *commercial* automobile. Because the exclusionary language "a public or livery conveyance or commercial automobile" is constructed disjunctively, plaintiff argues the types of vehicles described are synonyms of vehicles for hire. Plaintiff immediately concludes the truck upon which Dilley worked was not a commercial automobile because not a vehicle for hire. Plaintiff does not offer any reasons to explain why the disjunctive "or" requires this conclusion.

The word commercial usually describes commerce, trade, business, industry or enterprise having financial profit as a primary aim. (See 15A C.J.S. p. 1.) The truck upon which Dilley worked was an integral part of Southern California Edison's commercial enterprise, a basic tool used in building,

expanding and servicing the transit of power over power lines. A functioning tool of commerce, the truck was a commercial automobile within the meaning of the policy exclusion because of the high risk created when working on it. (See *Pacific Employers Ins. Co.* v. *Maryland Casualty Co.*, 65 Cal.2d 318 [54 Cal.Rptr. 385, 419 P.2d 641] ; *Kirk* v. *Nationwide Mutual Ins. Co.*, 254 N.C. 651 [119 S.E.2d 645] ; *Hardee* v. *Southern Farm Bureau Cas. Ins. Co.*, 127 So.2d 220.)

The trial court correctly determined the policy excluded coverage for Dilley's death. Dilley was killed while occupying the truck in the course of his employment and engaging in duties as an assistant to the foreman on a commercial automobile.

Judgment affirmed.

Coughlin, J., concurred.

WHELAN, J.—I dissent.

The narrow issue is whether an exclusionary clause in an insurance policy was properly construed as a matter of law liberally in favor of the insurer and strictly against the insured.

The rule heretofore recognized has been to the contrary. (*Brinkmann* v. *Liberty Mut. etc. Ins. Co.*, 63 Cal.2d 41, 45 [45 Cal.Rptr. 8, 403 P.2d 136].)

There should be no question that the phrase ''commercial automobile'' in the context of the exclusionary clause of the policy has both a broad and a more restricted meaning. The existence of such broad and narrow meanings was recognized in *Hendricks* v. *American Employers Insurance Co.* (1965) [Ct. of App. of La.] 176 So.2d 827, 832, where it is said: ''Commercial has many meanings and in the instant case the lower court construed the provisions in the light most favorable to the insured and adopted the narrower meaning as defined in Webster's New International Dictionary (2d ed., 1960). We agree with the trial judge's finding and the rationale upon which it is based and hold that in this policy 'commercial automobile' means an automobile used in the transporting of goods for sale or exchange . . .''

The Supreme Court of Iowa, in *Youngwirth* v. *State Farm Mutual Auto Ins. Co.* (1966) 140 N.W.2d 881, 885, gave the following definition of ''commercial automobile'': ''. . . any self-propelled motor vehicle designed for use principally upon

public roads in the transportation of people or property for hire.'' (See also note in 18 A.L.R.2d 719.)

In *Hardee* v. *Southern Farm Bureau Casualty Ins. Co.* (1961) [La. Ct. of App.] 127 So.2d 220, the court said, at page 222 : ''. . . this truck is to be considered as a 'commercial automobile' in the ordinary and popular meaning of the term, whether the modifying adjective is regarded as used in narrow sense of pertaining to transactions limited to the purchase and sale or exchange of goods or whether it is regarded as used in the broader sense of referring to enterprises having financial profit as the primary aim.''

The policy considered in *Kirk* v. *Nationwide Mutual Insurance Co.* (1961) 254 N.C. 651 [119 S.E.2d 645, 648], contained its own definition of commercial automobile. The court said there : ''The truck in question was . . . a 'commercial automobile' according to the policy definition.''

The policy under scrutiny here contains many definitions but does not define ''commercial automobile.''[1]

The juxtaposition of ''livery conveyance'' with ''commercial automobile'' suggests a narrower definition for the latter phrase than of an automobile used in a profit-making enterprise ; otherwise, there would be no need for the use of the words ''livery conveyance'' which also denotes a vehicle used in a profit-making enterprise.

Nor do I think the Vehicle Code, section 260, definition of ''commercial vehicle'' governs, since it has to do with vehicles ''of a type required to be registered under'' the Vehicle Code. (See *Mutual Benefit Health & Accident Assn.* v. *Hudman* (1964, Tex.) 385 S.W.2d 509, 513, where a similar problem was considered.)

Our Supreme Court has recognized that there are broad and narrow definitions of the word ''commerce.'' (*State of Cali-*

---

[1]The insuring clause under which plaintiff's claim is made is found under the heading ''Insuring Agreement IV,'' ''Coverage 5.'' There is a set of ''Definitions—Insuring Agreement IV'' which precedes immediately the ''Exclusions—Insuring Agreement IV'' in which is found the exclusionary clause under examination. ''Automobile'' is defined in language that excludes '' (1) a farm type tractor or other equipment designed for use principally off public roads, except while actually upon public roads, or (2) a land motor vehicle or trailer while located for use as a residence or premises and not as a vehicle, or (3) any vehicle while being used for racing, or (4) any military vehicle.''

Elsewhere in the policy there are definitions of ''automobile''; ''private passenger automobile''; ''utility automobile,'' which is an ''automobile of the pick-up body, sedan delivery or panel truck type with a load capacity of 1,500 pounds or less''; and ''trailer.''

*fornia* v. *Tagami,* 195 Cal. 522, 526-527-528-529 [234 P. 102].)

The question whether a certain type of vehicle falls within an exclusionary clause of an insurance policy has sometimes been held to be a matter of fact. (*Gaumnitz* v. *Indemnity Ins. Co.,* 2 Cal.App.2d 134, 138 [37 P.2d 712].) Here, the parties seem to have been in agreement that the matter should be decided as a matter of law. In either event, the judgment should be reversed.

Appellant's petition for a hearing by the Supreme Court was denied May 4, 1967. Mosk, J., was of the opinion that the petition should be granted.