*893 OPINION OF THE COURT
Andrew S. Fusco, J.
Petitioner brings this special proceeding pursuant to Lien Law § 201-a to determine the validity of a lien by the respondent against the petitioner’s personal property, a farm-type tractor. The parties allegedly entered into an agreement whereby the respondent agreed to store petitioner’s tractor for a $75 per month fee. When the petitioner allegedly did not pay the fee, the respondent liened and detained the tractor.
This case presents the narrow question whether a farm-type tractor is a "motor vehicle,” and, thus, is subject to lien by garagemen and repairmen under Lien Law § 184.
There appear to be no reported New York cases on this question. Furthermore, sister State authority would be valueless. Since the section 184 lien is a product of New York statute, this court ought not go beyond the words of the relevant statutes in determining its application.
The tractor at issue is a 20-horsepower, four-wheel-drive, diesel powered, 1986 Ford model No. 1310. It is uncontroverted that the petitioner uses it to spread fertilizer and herbicide for its commercial and residential customers. It is also uncontroverted that the tractor is unregistered and unlicensed and is towed on a trailer from job site to job site by petitioner. There is also no evidence before the court that the tractor at bar has ever been driven on a highway.
Section 184 (1) of the Lien Law creates for a bailee who repairs or stores "motor vehicles as defined by the vehicle and traffic law” a lien on such motor vehicles until the bailee is paid for its services.
Vehicle and Traffic Law § 125 defines a motor vehicle as a "vehicle operated or driven upon a public highway which is propelled by any power other than muscular power”. The tractor at bar is certainly a "vehicle” as defined by Vehicle and Traffic Law § 159, but is it a "motor vehicle”?
The Legislature, in Vehicle and Traffic Law § 125, specifically excludes farm tractors from the category of "motor vehicle” for the limited purpose of licensing and registering. That the Legislature had to affirmatively exclude farm tractors from the definition of motor vehicles, for some purposes, obviously indicates that farm tractors might be considered motor vehicles for other purposes.
*894 Is application of the Lien Law one of those purposes? The answer rests on a factual finding of the vehicle’s actual use.
Section 159 of the Vehicle and Traffic Law defines a vehicle as: "Every device in, upon, or by which any person or property is or may be transported or drawn upon a highway, except devices moved by human power” (emphasis added).
The phrase "may be” quoted above is the key which distinguishes "vehicles” from "motor vehicles” as defined by Vehicle and Traffic Law § 125. That a vehicle merely has the capability of being driven on the highway is not enough to make it a motor vehicle. A vehicle becomes a motor vehicle the moment it is operated on a public highway (Stevenson v Merchants Mut. Ins. Co., 37 Misc 2d 996 [Oneida County 1962].)
Thus, the applicability of Lien Law § 184 to farm-type tractors requires a factual analysis of the tractor’s actual use. Since the record before the court is devoid of any evidence or allegation to indicate that the petitioner has ever operated the subject tractor on a public highway, the court holds that it is not a motor vehicle.
This court can conceive of a fact pattern whereby a farm tractor, which has been used on public highways to get from field to field, could be considered a motor vehicle subject to a Lien Law § 184 lien. But that is not the instant case.