James H. O’Connor, J.
A motion is made by the plaintiff for summary judgment against the defendant seeking money damages in the sum of $5,529.10.
The facts involving the matter before this court, as gleaned from the affidavits, memoranda of law, summons and complaint and the answer are basically as follows:
On June 19,1958 a Euclid bottom dump earth mover, mounted on rubber tires, was being transported by the plaintiff from Waddington, New York, to Niagara Falls, New York. On that date in Gouverneur, New York, the brake on the Euclid bottom dump earth mover failed to function thereby causing damage to an automobile and to certain premises and farm machinery. Personal injury and property damage claims were made by the driver of the automobile and the owner of the premises against the plaintiff in this action. At the time of the accident the plaintiff had two insurance policies. One was a comprehensive general liability policy with the defendant, Merchants Mutual Insurance Company. Plaintiff also had a comprehensive automobile liability policy with Continental Casualty Company which contained a provision for retroactive adjustment of premium to cover any amount paid by Continental Casualty Company in settlement of claims. On behalf of the plaintiff, Continental *280 Casualty Company did settle the afore-mentioned claims and the plaintiff has repaid Continental Casualty Company the sum of $5,529.10. The defendant herein denied coverage and refused to take any part in the settlement negotiations or to offer any defense to the plaintiff.
The basic contention of the defendant in this action is to the effect that the Euclid bottom dump earth mover was an ‘ ‘ automobile ” within the meaning of its comprehensive general liability policy. The plaintiff on the other hand contends that the Euclid bottom dump earth mover was not an “ automobile ” within the meaning of the said policy and that therefore coverage was provided thereunder.
The insurance contract states under the section marked
‘ ‘ EXCLUSIONS ’ ’
1 ‘ This policy does not apply.
“ (a) * * *
i i # * #
“(c) except with respect to operations performed by independent contractors and except with respect to liability assumed by the insured under a contract as defined herein, to the ownership, maintenance, operation, use, loading or unloading of (1) watercraft if the accident occurs away from the premises owned by, rented to or controlled by the named insured, except insofar as this part of this exclusion is stated in the declarations to be inapplicable (2) automobiles if the accident occurs away from such premises or the ways immediately adjoining, or (3) aircraft.”
The definition of automobile is found in the contract as follows:
“3. Definitions.
“ (a) * * *
“ (b) Automobile. The word ‘ automobile ’ means a land motor vehicle, trailer or semi-trailer, provided:
“ (1) The following described equipment shall be deemed an automobile while towed by or carried on an automobile not so described, but not otherwise. If of the crawler-type, any tractor, power crane or shovel, ditch or trench digger; any farm-type tractor; any concrete mixer other than of the mix-in-transit type; any grader, scraper, roller or farm implement; and, if not subject to motor vehicle registration, any other equipment not specified in (2) below, which is designed for use principally off public roads.
“ (2) The following described equipment shall be deemed an automobile while towed by or carried on an automobile as above *281 defined solely for purposes of transportation or while being operated solely for locomotion, but not otherwise; if of the non-crawler type, any power crane or shovel, ditch or trench-digger; and any air compressing, building or vacuum cleaning, spraying or welding equipment or well drilling machinery.”
In reading the contract’s provisions it is this court’s holding that the motor vehicle in question, to wit, the Euclid bottom dump earth mover, would be covered and included within the defendant’s contract with the plaintiff if it were not subject to motor vehicle registration. The plaintiff’s counsel concedes in the memorandum of law submitted on the motion that the parties to the contract have agreed to use the motor vehicle statute as a guide and if the vehicle was subject to registration it would be considered ‘ ‘ an automobile ’ ’ while if no motor vehicle registration was required, the vehicle was not to be considered an automobile and was therefore covered by the policy. This court construes the contract in the same fashion. Therefore, the court must answer this question: Is the Euclid bottom dump earth mover a motor vehicle within the meaning of the Vehicle and Traffic Law of the State of New York and as such, subject to registration under said law as it existed on June 19, 1958?
This court is unable to find anywhere in the Vehicle and Traffic Law in effect on June 19, 1958 any definite or categorical provision specifying that an earth mover is a motor vehicle and must be registered. Subdivision 8 of section 2 of the Vehicle and Traffic Law does talk about road-building machines but makes no mention of an earth mover. Subdivision 17 of section 11 of the Vehicle and Traffic Law which was added by chapter 776 of the Laws of 1956 concerns itself with the registration of earth-moving equipment operated upon a public highway. Subdivision 17 of section 11 is as follows:
‘ ‘ Eegistration of earth moving equipment operated upon public highways. Earth moving equipment, as hereinafter defined, to be operated upon the public highway for the purpose of construction or reconstruction of a public highway, street or grade crossing elimination pursuant to a contract with the state, a municipality or a public corporation, may be registered as provided in this subdivision. Every owner of earth moving equipment intended to be operated upon a public highway or street in connection with such a contract, provided such operation is to be confined solely to the contract site as defined by the terms of such contract, may cause to be filed by mail or otherwise, with the commissioner or with any agent of the commissioner, an application for registration of such vehicle addressed to the commissioner, and on a blank to be furnished by the commis *282 sioner for that purpose, containing the information required by subdivision one of this section and such other information as the commissioner shall require. The commissioner or agent shall make such investigation as he shall determine necessary, and if satisfied that the vehicle is to be operated exclusively as provided in this subdivision, he shall, upon the payment of a fee of five dollars, assign to such vehicle a distinctive number and issue and deliver to the applicant a certificate of registration in such form as the commissioner shall prescribe, indicating the extent to which the vehicle registered may be operated on the public highways and such vehicle may be operated only as so indicated. The provisions of this chapter with respect to the issuance and display of number plates shall not apply to vehicles operated only as provided in this subdivision. For the purposes of this subdivision, the term ‘ earth moving equipment ’ shall mean and include motor driven vehicles in excess of eight feet in width equipped with pneumatic tires designed and constructed for moving or transporting earth and rock in connection with excavation or grading work involved in the performance of contracts referred to in this subdivision.”
While this section has reference to the use of earth-moving equipment in connection with the construction or reconstruction of a public highway under a contract with the State, a municipal or a public corporation, the entire intent of such statute is to allow a relaxation in the registration requirements for such equipment being used in connection with such a contract. In other words, the purpose of such section clearly evidences the Legislature’s understanding that other earth-moving equipment must be registered in accordance with applicable statutes relating to motor vehicles.
Subdivision 1 of section 11 requires in effect that all motor vehicles be registered with certain exceptions not applicable to an earth mover.
That this is the legislative intent is seen in a memorandum of Assemblyman John L. Ostrander as found in the New York State Legislative Annual for the year 1956 at page 314. Assemblyman Ostrander in discussing the bill which became subdivision 17 of section 11 of the Vehicle and Traffic Law stated the following:
“ Memorandum of Assemblyman John L. Ostrander
“ Registration, earth moving equipment A. I. 2557, Pr. 2709, Ostrander Ch. 776
Vehicle and Traffic Law § 11. Introduced at the request of the General Contractors Association, this bill provides for the registration and licensing of heavy earth moving equipment used ip *283 highway construction at an annual fee of $5.00. Under a new interpretation of the law, the cost of registering such equipment would have amounted to from $700.00 to $1,000.00 per vehicle. The approval of this bill materially reduces the contractors cost of operating and such saving is passed along to the taxpayers, since all of the contracts are entered into pursuant to free and open bidding. If any such vehicle is used in private construction, then of course it must be registered the same as any other motor vehicle.”
Since this court holds that earth-moving equipment is subject to registration within the meaning of the Vehicle and Traffic Law and the contract in issue, it follows that the said equipment is an automobile within the meaning of said policy and is excluded from coverage thereunder.
In the case of Stevenson v. Merchants Mut. Ins. Co. (37 Misc 2d 996) the Hon. J. Robert Lynch, Justice of the Supreme Court, faced with a similar proposition, granted summary judgment to the defendant when he ruled that a gocart is a motor vehicle subject to Motor Vehicle Registration if operated on the public highway. It was determined in that case that the complaint did not sound within the coverage of the policy.
In view of the above and under the authority set forth in CPLR 3212, subdivision (b), this court holds that summary judgment be granted to the defendant since there is no triable issue of fact presented by the plaintiff which should be resolved on a trial.