Maudine B. SMITH, Plaintiff-Appellant,

v.

HORACE MANN INSURANCE COMPANY, Defendant-Appellee.

No. 83–7017

Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Aug. 29, 1983.

J. Michael Tanner, Almon, McAlister, Ashe, Baccus & Smith, Tuscumbia, Ala., for plaintiff-appellant.

Porterfield, Scholl, Bainbridge, Mims & Harper, James Mark Naftel, Birmingham, Ala., for defendant-appellee.

Before RONEY, VANCE and KRAVITCH, Circuit Judges.

PER CURIAM:

Appellant, Maudine B. Smith, an administrative principal in the Muscle Shoals school system, appeals the judgment of the district court limiting the amount of her recovery for attorney's fees to $1,000 and granting summary judgment in favor of appellee, Horace Mann Insurance Company, on her claim of bad faith refusal to pay. Alabama law governs this diversity action.

Appellant claims that she is entitled to $15,758.00 in attorney's fees, the actual cost of legal representation in her successful defense of an action by a former Muscle Shoals school principal, Charles L. Carter, who claimed that his dismissal violated his civil rights.

At issue is which provision of an insurance policy issued to appellant by Horace Mann Insurance Company applies to the facts of the case.

Section II(A) of the policy states that the insurer shall provide the insured a defense in "any civil suit against the insured seeking damages which are payable under the terms of the policy." Alternatively, the

insurance company may choose to "reimburse but not defend the insured for the reasonable costs actually incurred."

The scope of coverage under the policy, as described in Section V, includes "activities of the insured in the course of employment as an Educator, Administrator, Member of a Teaching Staff, Student Teacher, or other employee of a school system . . . ." This coverage, however, is limited by Exclusion "j" of the policy. Exclusion "j" provides that the above described broad coverage does not apply "to liability in respect to claims brought against the insured by other employees of the same school system or educational institution which employs the insured, except to the reimbursement of attorney's fees and costs under Coverage B."

Coverage B, as described in Section I(B)(2) of the policy states that recovery for legal expenses shall be limited to $1,000 per occurrence:

In defense of any action brought against the insured as employee involving salary, tenure, leave of absence, dismissal, nonrenewal, assignment, act of resignation, or other professional rights, duties or responsibilities arising out of the insured's educational employment activities, as hereinafter defined.

The district court found that because appellant's claim to attorney's fees arose out of an action involving another employee in the same school system, as described in Exclusion "j," and because the action concerned a dismissal from employment, as described in Section I(B)(2), her right to recover attorney's fees was limited to $1,000 under the terms of the policy.

Appellant argues that because Mr. Carter was dismissed from employment on August 9, 1977, but did not file his lawsuit until August 12, 1977, when he was no longer employed by the Muscle Shoals school system, he is not an employee "of the same school system" within the meaning of Exclusion "j."

■ Appellant's argument is unpersuasive. We recognize that exclusions from coverage are to be strictly construed against an insurer and in favor of coverage. *Georgia Casualty and Surety Co. v. Universal Underwriters Insurance Co.,* 534 F.2d 1108, 1110 (5th Cir.1976); *Employers Insurance Company of Alabama, Inc. v. Jeff Gin Co.,* 378 So.2d 693, 695 (Ala.1979). But provisions of an insurance policy are to be construed in light of the interpretation that ordinary people would place on the language used. *Employers Insurance Co. of Alabama, Inc. v. Jeff Gin Co.,* 378 So.2d at 695. "[P]rovisions of a policy which clearly indicate the parties' real intent are not to be given a strained construction to raise doubts where none exist." *Green v. Merrill,* 293 Ala. 628, 629, 308 So.2d 702, 704 (1975). "Ambiguities will not be inserted, by strained and twisted reasoning, into contracts where no such ambiguities exist." *Billups v. Alabama Farm Mutual Casualty Insurance Co.,* 352 So.2d 1097, 1102 (Ala. 1977). *Accord, Alabama Farm Mutual Casualty Insurance Co. v. Goodman,* 279 Ala. 538, 188 So.2d 268 (1966).

■ We agree with the district court that:

Plaintiff's construction of "employee" would deprive Exclusion j and that part of Coverage B(2) pertaining to dismissal of any meaning. Exclusion j anticipates that suits may be brought by one employee against another, and, by reference to Coverage B(2), that these suits may involve dismissal. It would be impossible for any school administrator to be the defendant in a suit for wrongful dismissal until after the terminated individual was no longer employed. For Exclusion j, when read in conjunction with Coverage B(2), to have any meaning, the term "employee" must include those former employees who were dismissed by other employees of the same school system or educational institution and who brought suit after termination.

The ordinary meaning of "claims" in insurance policies refers to the occurrence giving rise to the cause of action and the status of a "claim" is generally determined at the time of the occurrence, not the mo-

ment the suit is filed. As the Supreme Court of Alabama stated in regard to workmen's compensation insurance:

> The rule in Alabama is that where a loss insured against occurs while a person is in the insured's employment the insurer is liable under the policy even though the employment is thereafter terminated.

*Key Life Insurance Co. of South Carolina v. Burns,* 390 So.2d 1064, 1068 (Ala.Civ.App. 1980). The same principle applies here. We agree with the district court that:

> Whether a suitor was an "employee" within the meaning of the insurance policy at issue must be determined as of the time the suitor's cause of action arose, not when the suit was actually brought. Carter had been an employee until his dismissal and his claim arose from his status as an employee allegedly wrongfully dismissed.

Carter was, therefore, an employee at the time his cause of action arose, and his suit falls within Exclusion "j." Under the terms of the insurance policy, appellant's recovery for attorney's fees is limited to $1,000.

Our resolution of this issue also dissolves appellant's claim of bad faith. In order for appellant to recover on a claim of bad faith refusal to pay, she would have to show that the appellee actually knew that it had no lawful basis to refuse to pay the full amount of the claim or that the appellee intentionally failed to determine whether there was a lawful basis for refusal. *Sexton v. Liberty National Life Insurance Co.,* 405 So.2d 18, 22 (Ala.1981); *Chavers v. National Security Fire & Casualty Co.,* 405 So.2d 1, 7 (Ala.1981). Here, Horace Mann Insurance Company tendered $1,000 to appellant, the full amount she was entitled to recover under the terms of the policy. Summary judgment on this issue in favor of Horace Mann Insurance Company was properly granted.

AFFIRMED.